IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-51085

Summary Calendar

_____

GUARANTY NATIONAL COMPANIES, Including State and County Mutual Fire
Insurance Company

                                        Plaintiff-Appellant,

versus

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, ET AL
                                    Defendants

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY; BURLINGTON
NORTHERN RAILROAD COMPANY, A Delaware Corporation, also known as
Burlington Northern Santa Fe

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Texas
SA-96-CV-1318
_____
June 26, 1998

Before HIGGINBOTHAM, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Guaranty appeals the lower court's grant of summary judgment
in favor of ATSF.  In particular, Guaranty disagrees with the
magistrate's holding that Guaranty has a duty to defend and
indemnify ATSF under the additional insured endorsement provision
of the contract between Guaranty and RMI.  We affirm.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ATSF was named an "additional insured" in the insurance contract extended by Guaranty to RMI. Under this provision, Guaranty promised to cover ATSF "with respect to legal responsibility for acts or omissions of a person for whom Liability Coverage is afforded under this policy." The effect of the additional insured agreement is that Guaranty contracted to provide coverage only for ATSF's vicarious liability for RMI's negligent acts.

The Roths and Struble suits against ATSF seek to hold ATSF liable for the negligent acts of ATSF's agents while transporting them during the course of employment. Though neither Roths nor Struble expressly referred to RMI in their respective complaints, they did expressly mention "ATSF's agents" who were allegedly negligent in their operation of the vehicle. It was not error for the magistrate to observe the obvious that RMI was the "agent" to which the Roths and Struble complaints implicitly referred. See Int'l Service Ins. Co. v. Boll, 392 S.W. 2d 158, 161 (Tex. Civ. App.--Houston 1965, writ ref'd n.r.e.) (finding no duty to defend where insurance contract refused to cover any accident where Roy Hamilton Boll was the driver; plaintiff alleged vehicle was driven by his son; and plaintiff only had one son, Roy Hamilton Boll). Under Texas law, coverage is to be presumed where there is a "doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy." Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387

S.W. 2d 22, 26 (Tex. 1965).  Given that ATSF contracted with CTS to locate a transportation provider and that CTS hired RMI to provide such transportation for ATSF, there is at least a doubt as to whether ATSF is vicariously liable for RMI's alleged negligence in operating the vehicle on the day in question.  We agree with the lower court that Guaranty has a duty to defend ATSF in the Roths and Struble suits.

## II

Guaranty argues to us that the employee exclusion provision in the insurance contract issued to RMI eradicates its duty to defend ATSF.  Guaranty did not, however, present this argument in its response to ATSF's motion for summary judgment.  Our reply to Guaranty's plea for us to receive this argument now has been previously prepared by numerous prior panels:

> Although on summary judgment the record is reviewed <u>de novo</u>, this court for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion.

<u>Stults v. Conoco, Inc.</u>, 76 F.3d 651, 657 (5th Cir. 1996) (citations omitted).

AFFIRMED.

3